UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:24-cv-22375-RAR

BARBARA DINES,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## JOINT MOTION FOR MEDIATION BY VIDEO-CONFERENCE

COMES NOW Plaintiff, BARBARA DINES, and Defendant, CARNIVAL CORPORATION (hereinafter referred collectively to as the "Parties") by and through their undersigned counsel hereby and pursuant to Local Rule 16.2 and this Court's Order [D.E. 14], moves this Court for leave to conduct mediation in the above-captioned case by video-conference.

1. This matter arises after Plaintiff slipped and fell and broke her hip while exiting her cabin's bathtub while a passenger aboard the Defendant's cruise ship. [D.E. 1, ¶ 17]. Plaintiff alleges that she slipped and fell due to the Defendant's negligent failure to warn [D.E. 1, ¶ 20-27], negligent failure to maintain [D.E. 1, ¶ 28-34], and general negligence [D.E. 1, ¶ 35-39]. Defendant denies liability [D.E. 9]. Defendant has denied any wrongdoing.

2. Plaintiff alleges that as a result of her shipboard incident she fractured her hip and required an emergency evacuation via helicopter. She was taken to Atlantic Hospital in New Jersey where she underwent emergency surgery, remaining hospitalized for ten (10) days. She was then transferred to John Hopkins Hospital, located near her home in Baltimore, where she remained hospitalized for another seven (7) days.

3. The Plaintiff is an 87-year-old woman who resides in Baltimore Maryland. She has significant mobility issues as a result of her shipboard incident and is unable to travel alone. Plaintiff lives with her daughter, a paramedic, who cares for her. Plaintiff lives on a fixed income and has limited means.

4. Requiring the Plaintiff to travel to and attend in person mediation in the Court's district would be an unnecessary hardship for the Plaintiff both physically and financially. It would also be an unnecessary hardship for the Plaintiff's daughter who would need to take off work to assist her mother in traveling to and from Florida to attend the in-person mediation.

5. The Parties have conferred and agree to conducting mediation remotely. The undersigned counsel regularly litigate against one another and have successfully participated in remote mediations in the past. Based upon the Parties long standing working relationship and knowledge of this case, the Parties believe that mediation conducted via video-conference will be just as effective as a mediation conducted in person.

6. According to LCR 16.2 "[u]nless the Court orders otherwise, the parties shall decide whether their mediation conference will be conducted in person or by video-conference." Here, the Parties hereto wish to conduct mediation by video-conference.

WHEREFORE, for the aforementioned reasons, the Parties hereto jointly and respectfully request this Court grant leave to conduct mediation in the above-captioned case remotely via video-conference.

August 26, 2024.

Respectfully submitted,

| | |
|---|---|
| By: /s/*Carol L. Finklehoffe*<br>Carol L. Finklehoffe, Esq.<br>Florida Bar. No.: 0015903<br>Email: cfinklehoffe@lipcon.com<br>LIPCON, MARGULIES, & | By: /s/*Lauren S. Rose*<br>Luis E. Llamas, Esq.<br>Florida Bar No. 0089822<br>llamas@joneswalker.com<br>Lauren S. Rose, Esq. |

| | |
|---|---|
| WINKLEMAN, P.A.<br>2800 Ponce de Leon Blvd, Suite 1480<br>Coral Gables, Florida 33134<br>Telephone: (305) 373-3016<br>Facsimile: (305) 373- 6204<br>*Attorneys for Plaintiff* | lrose@joneswalker.com<br>Florida Bar No. 115743<br>JONES WALKER LLP<br>201 S. Biscayne Blvd. Suite 3000<br>Miami, FL 33131<br>305-679-5700<br>*Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 26, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Carol L. Finklehoffe*
**CAROL FINKLEHOFFE**
Florida Bar No. 0015903
cfinklehoffe@lipcon.com

## SERVICE LIST
*Dines v. Carnival Corp.*
CASE NO. 1:24-cv-22375-RAR

| | |
|---|---|
| **Carol L. Finklehoffe, Esq.**<br>Florida Bar. No.: 0015903<br>Email: cfinklehoffe@lipcon.com<br>LIPCON, MARGULIES, &<br>WINKLEMAN, P.A.<br>2800 Ponce de Leon Blvd, Suite 1480<br>Coral Gables, Florida 33134<br>Telephone: (305) 373-3016<br>Facsimile: (305) 373- 6204<br>*Attorneys for Plaintiff* | **Luis E. Llamas, Esq.**<br>Florida Bar No. 0089822<br>llamas@joneswalker.com<br>**Lauren S. Rose, Esq.**<br>Florida Bar No. 115743<br>lrose@joneswalker.com<br>JONES WALKER LLP<br>201 S. Biscayne Blvd. Suite 3000<br>Miami, FL 33131<br>305-679-5700<br>*Attorneys for Defendant* |